FLANNERY v. SIMONS.

(Supreme Court, Appellate Term. April 24, 1905.)

LANDLORD AND TENANT — UNINHABITABLE PREMISES — ABANDONMENT — EVICTION.

Where defendant, after having been afforded ample opportunity to inspect an apartment, rented it for a year under a written lease containing no covenant that the premises were habitable or fit for occupancy, no such covenant could be implied so as to entitle defendant to abandon the premises because of odors rendering the apartment uninhabitable, on the theory that such odors constituted an eviction.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 770–775.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Viola M. Flannery against William J. Simons. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Miller & Rubenstein, for appellant.

Wentworth, Lowenstein & Stern, for respondent.

SCOTT, P. J. The defendant leased from plaintiff an unfurnished flat in an apartment house for one year commencing on October 1, 1904. Before the leasing, and during the month of September, defendant and his wife were afforded every opportunity to inspect and examine the apartment, and both of them visited it for that purpose on several occasions. Defendant, with his family, moved into the apartment on October 8th, and found that very offensive odors proceeded from a fixed ice chest therein. Efforts were made by defendant and plaintiff's janitor to correct the difficulty, but without success, and on October 11th defendant abandoned the premises and moved out. The present action is for rent for the month of November, and the defense relied upon is that the odors rendered the apartment uninhabitable and constituted an eviction. It does not appear that the condition complained of was known either to plaintiff or defendant before the making of the lease, or that

that condition was produced by any act or omission to act on the part of the landlord subsequent to the making of the lease. No evidence was offered tending to show the cause which produced the condition, or when that cause arose. For all that appears in the case, the premises were in the same condition when defendant inspected them that they were found to be when he went into possession, except that defendant testified that he did not notice any odor "particularly" when he visited the apartment in September. The lease was in writing, and contained no covenant on the part of the landlord that the premises were habitable and fit for occupancy, and it is thoroughly well settled in this state that no covenant is to be implied in a contract of letting that the demised premises are habitable and free from defects rendering them unfit for occupancy. Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744; Daly v. Wise, 132 N. Y. 306, 30 N. E. 837, 16 L. R. A. 236. As has universally been held, the tenant hires at his peril, and to such a contract the rule of caveat emptor applies, throwing on the lessee the responsibility of either satisfying himself as to the condition of the premises or of safeguarding himself by insisting upon an appropriate covenant in his lease. The true condition of affairs in this case, as shown by the evidence, construing it most favorably for defendant, is that the apartment when rented, was unfit for occupancy, for there is nothing in the evidence to justify the assumption that the condition complained of came into existence after the making of the lease. But if this be so, the defendant got just what he contracted for in his lease. All of the cases which are claimed to uphold the defendant's contention will be found to contain elements not found in the present case—such as misrepresentation on the part of the landlord, or negligence or overt act by him resulting in the nuisance complained of, or the absence of nuisance at the commencement of the tenancy and its coming into existence afterwards without fault of the tenant, and beyond his power to cure or prevent. In such cases constructive eviction has repeatedly been found, but never in a case like the present.

Judgment affirmed, with costs. All concur.